Case 1:19-cv-00256-DCN Document 1-2 Filed 07/08/19 Page 1 of 15

Electronically Filed
6/19/2019 4:26 PM
Third Judicial District, Canyon County
Chris Yamamoto, Clerk of the Court
By: Ladonna Hale, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only!:* rlg@rossmanlaw.com

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| JEREMIAH PERKINS and LINDA PERKINS, Husband and Wife, and as guardians of the Minor Child Plaintiff, J.P.,<br><br>Plaintiffs,<br><br>-vs-<br><br>STRIKE INDUSTRIES, INC., a California Corporation; STOCKPILE DEFENSE, LLC, a Nevada corporation; and DOES I-X, unknown parties,<br><br>Defendants. | CASE NO. CV14-19-05848<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Fee Category: A**<br>**Filing Fee: $221.00** |

COME NOW, the above-named Plaintiffs, Jeremiah and Linda Perkins, and for cause of

action against Defendants, hereby COMPLAIN AND ALLEGE as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## PARTIES

1. Plaintiffs Jeremiah and Linda Perkins at all times herein mentioned have been and are residents of Canyon County, Idaho, and are the guardians of the minor child Plaintiff J.P.

2. Defendant Strike Industries, Inc. ("Strike") at all times herein mentioned was and is a California corporation authorized to conduct business within the State of Idaho.

3. Defendant Stockpile Defense, LLC ("Stockpile") at all times herein mentioned was and is a Nevada corporation authorized to conduct business within the State of Idaho.

4. The true names of Does I - X are unknown. Each of the Defendants, including the Doe Defendants, is or may be responsible in some manner for Plaintiffs' damages, either directly or through the acts and omissions of their agent and employee, and each is or may be the agent and/or employee of the others. Plaintiffs will move the Court to allow amendment when the identities and roles of the Doe Defendants become known.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to Idaho Code §§ 1-705 and 5-514.

6. Venue is proper, pursuant to Idaho Code § 5-404 as this cause of action arose within Canyon County.

## GENERAL ALLEGATIONS

7. On or about November 3, 2018 Mr. Perkins purchased an Improved Flat Trigger ("IFT") manufactured, designed and distributed by Strike for installation on Glock handguns. Mr. Perkins purchased the IFT from Stockpile, a store selling firearms and firearm accessories, in Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

8.  Strike designed and marketed the IFT as "drop safe", which Mr. Perkins understood to mean that a handgun on which the IFT was installed could be dropped and would not discharge. Such safety feature was a primary reason Mr. Perkins purchased the IFT, because Mr. Perkins' wife and son reside in his home.

9.  Mr. Perkins, a firearm enthusiast and veteran of the United States Army having served multiple combat tours, personally and correctly installed the IFT on his Glock 22 .40 caliber handgun (the "Glock"). Mr. Perkins possessed extensive experience in safely installing and utilizing after-market accessories such as the IFT on his firearms.

10. Mr. Perkins and his wife intended to go shooting on the morning of December 25, 2018, and Mr. Perkins loaded firearms in his truck, including the Glock. Because Mr. Perkins had not yet fixed a hole in his truck's tire, the plans to go shooting were abandoned.

11. Mr. Perkins unloaded the firearms from his truck, and at approximately 12:20 p.m. Mr. Perkins placed the Glock, which was in its holster, on a shelf in the closet where he normally stores the Glock.

12. The Glock fell off the shelf and discharged a round which struck Mr. Perkins in the right thigh, notwithstanding the installation of the "drop safe" IFT.

13. Mr. Perkins' wife Linda was approximately two to three feet from Mr. Perkins when he was struck by the bullet from the Glock. The Perkins' son, J.P., was in his room nearby and came running when he heard a noise, at which time J.P. saw his father bleeding before Linda ordered J.P. to go outside.

14. Mr. Perkins suffered severe injuries as a result of the gunshot wound from the Glock.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

15. Strike recalled the IFT in early 2019 "[d]ue to some potential safety issues."

## COUNT ONE

## PRODUCT LIABILITY CLAIMS AGAINST STRIKE

16. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-15.

17. By design and when installed on a handgun, the IFT prevents discharges of bullets even when a handgun is dropped. Mr. Perkins' Glock nonetheless discharged when it fell, despite having the IFT installed thereon. Despite this issue, Strike knowingly and recklessly distributed the IFT.

### *A. Strict Liability*

18. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-17.

19. Strike at all times relevant hereto was engaged in the business of designing, manufacturing, planning, assembling, distributing, selling, and/or otherwise placing the IFT into the stream of commerce.

20. Strike expected the IFT to reach consumers, as was the case with the IFT installed on Mr. Perkins' Glock.

21. Upon information and belief, the IFT installed on Mr. Perkins' Glock was defective, in both manufacturing and design. Such defects rendered the IFT defective under Idaho law.

22. Mr. Perkins was not aware of any defects in the IFT at any time prior to installing

it on the Glock.

23. The defective design and/or manufacturing of the IFT was a direct and/or substantial factor in causing a defective and unreasonably dangerous manufacturing defect in the IFT.

24. The defective design and/or manufacturing of the IFT was a direct and/or substantial factor in causing the IFT to fail under ordinary use less than two months after purchase and installation thereof and causing Mr. Perkins' injuries.

25. The defective and dangerous design, manufacture and performance of the IFT and the fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner was knowable by means of scientific knowledge available to Strike and its officers, directors, and/or managing agents.

26. As a direct result of Strike's acts, Plaintiffs have suffered damages in excess of $100,000.00 to be proven with specificity at trial.

27. Strike's actions in selling, marketing, and/or distributing the IFT as "drop safe" without alerting, advising, warning, timely and properly recalling, or otherwise adequately informing purchasers and/or users of the IFT of its defective and dangerous nature and/or character, were reckless or willful and constituted a gross deviation from reasonable standards of care.

28. Strike's conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Lima's conduct was performed with an understanding of, or disregard for, its likely consequences.

29. Plaintiffs reserve this paragraph for the inclusion of a claim of punitive damages

under Idaho Code § 6-1604.

30. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

31. Should damages be awarded by a jury with regards to this claim, rhe Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Strike is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

### B. Negligence

32. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-31.

33. Strike had a duty to provide a reasonably safe IFT that would not fail under ordinary use.

34. Strike failed to exercise ordinary care in the development, design, marketing, manufacturing, and sale of the IFT. Strike also negligently failed to provide adequate warnings so as to ensure that potential users of the IFT were fully apprised of the hazards that were known by, or should reasonably have been known by Strike to exist relative to the IFT.

35. Strike's negligence in the design and/or manufacturing of the IFT was a direct and/or substantial factor in causing the IFT to fail under ordinary use less than two months after purchase and installation thereof and causing Mr. Perkins' injuries.

36. As a direct result of Strike's acts, Plaintiffs have suffered damages in excess of $100,000.00 to be proven with specificity at trial.

37. Strike's actions in selling, marketing, and/or distributing the IFT as "drop safe"

without alerting, advising, warning, timely and properly recalling, or otherwise adequately informing purchasers and/or users of the IFT of its defective and dangerous nature and/or character, were reckless or willful and constituted a gross deviation from reasonable standards of care.

38. Strike's conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Lima's conduct was performed with an understanding of, or disregard for, its likely consequences.

39. Plaintiffs reserve this paragraph for the inclusion of a claim of punitive damages under Idaho Code § 6-1604.

40. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

41. Should damages be awarded by a jury with regards to this claim, the Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Strike is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

### *C. Breach of Warranties*

42. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-41.

43. Strike was a merchant with regards to the IFT.

44. In marketing and selling the IFT, Strike expressly and impliedly warranted that it was reasonably safe, was of merchantable quality, was free from design, manufacturing, and/or modification defects, and was reasonably fit for its ordinary, intended, foreseeable, and expected

use, and that such use would not cause injuries of the nature suffered by Mr. Perkins. In addition, Strike expressly advertised and marketed the IFT as being "drop safe."

45. Strike knew or should have known that consumers would use and be subject to the use of the IFT and would rely upon the representations, skill and judgment of Strike, including that the IFT was "drop safe", in furnishing products suitable for such purpose. These warranties were made for the purpose and effect of inducing the public to purchase and use the IFT.

46. The defects were not known to Plaintiffs while IFT should have known of the dangerous, defective, unfit and unsafe condition of the IFT. As such, Strike breached the express and implied warranties, including that it was "drop safe", made regarding the IFT.

47. Strike's breach of warranties regarding the IFT was a direct and/or substantial factor in causing the IFT to fail under ordinary use less than two months after purchase and installation thereof and causing Mr. Perkins' injuries.

48. As a direct result of Strike's acts, Plaintiffs have suffered damages in excess of $100,000.00 to be proven with specificity at trial.

49. Strike's actions in selling, marketing, and/or distributing the IFT as "drop safe" without alerting, advising, warning, timely and properly recalling, or otherwise adequately informing purchasers and/or users of the IFT of its defective and dangerous nature and/or character, were reckless or willful and constituted a gross deviation from reasonable standards of care.

50. Strike's conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Lima's conduct was performed

with an understanding of, or disregard for, its likely consequences.

51. Plaintiffs reserve this paragraph for the inclusion of a claim of punitive damages under Idaho Code § 6-1604.

52. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

53. Should damages be awarded by a jury with regards to this claim, the Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Strike is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

## COUNT TWO

### PRODUCT LIABILITY CLAIMS AGAINST STOCKPILE

54. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-53.

55. Alternatively, the distributor of the IFT, Stockpile, was a product distributor as is therefore liable pursuant to Idaho Code § 6-1407(4).

56. The alternative statutory liability of Stockpile, pursuant to Idaho Code § 6-1407(4), was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Mr. Perkins and his resulting damages, for which Stockpile is liable.

57. Should damages be awarded by a jury with regards to this claim, the Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Stockpile is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

#### A. Statutory Liability (Imputed Liability)

**COMPLAINT AND DEMAND FOR JURY TRIAL - 9**

58. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-57.

59. Alternatively, the distributor of the IFT, Stockpile, was a product distributor as is therefore liable pursuant to Idaho Code § 6-1407(4).

60. The alternative statutory liability of Stockpile, pursuant to Idaho Code § 6-1407(4), was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Mr. Perkins and his resulting damages, for which Stockpile is liable.

61. Should damages be awarded by a jury with regards to this claim, the Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Stockpile is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

### *B. Strict Liability*

62. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-61.

63. Stockpile was at all times relevant hereto engaged in the business of distributing the IFT into the stream of commerce.

64. Stockpile expected the IFT to reach its ultimate consumers and to be used by consumers, including Mr. Perkins.

65. The IFT was unsafe for its foreseeable use and was otherwise defective and unreasonably dangerous as described herein.

66. The acts and omissions of Stockpile and the unreasonably dangerous and defective nature of the IFT were the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Mr. Perkins and his resulting damages, for which

**COMPLAINT AND DEMAND FOR JURY TRIAL - 10**

Stockpile is liable

67. Stockpile's actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

68. Stockpile's conduct was reckless and outrageous as alleged herein, constituting an extreme deviation from reasonable standards of conduct, and Stockpile's conduct was performed with an understanding of, or disregard for, its likely consequences.

69. Plaintiffs reserve this paragraph for the inclusion of a claim of punitive damages under Idaho Code § 6-1604.

70. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

71. Should damages be awarded by a jury with regards to this claim, the Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Stockpile is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

### C. Negligence

72. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-71.

73. Stockpile failed to exercise ordinary care in the distribution of the IFT. Stockpile also failed to provide adequate warnings so as to ensure that purchasers of the IFT such as Mr. Perkins were fully apprised of the hazards that were known by, or should reasonably have been known by, Stockpile to exist relative to the IFT.

74. Stockpile negligently distributed a dangerous and defective product, the IFT.

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

75. As a direct result of Stockpile's negligent acts, Plaintiffs have suffered damages in excess of $100,000.00 to be proven with specificity at trial.

76. Stockpile's actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

77. Stockpile's conduct was reckless and outrageous as alleged herein, constituting an extreme deviation from reasonable standards of conduct, and Stockpile's conduct was performed with an understanding of, or disregard for, its likely consequences.

78. Plaintiffs reserve this paragraph for the inclusion of a claim of punitive damages under Idaho Code § 6-1604.

79. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

80. Should damages be awarded by a jury with regards to this claim, the Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Stockpile is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

### *D. Breach of Warranties*

81. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1-80.

82. Stockpile was a distributor of the IFT.

83. Stockpile impliedly warranted that the IFT was reasonably safe, was of merchantable quality, and was reasonably fit for its intended purpose.

84. Stockpile knew or should have known that consumers would use and be subject to

the use of the IFT and would rely upon the representations, skill and judgment of Stockpile in furnishing products suitable for such purpose.

85. The IFT was not safe, merchantable, nor fit for its intended purpose. As such, Stockpile breached the implied warranties made concerning the IFT.

86. Stockpile's breach of warranties regarding the IFT was a direct and/or substantial factor in causing the IFT to fail under ordinary use less than two months after purchase and installation thereof and causing Mr. Perkins' injuries.

87. Stockpile's actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

88. Stockpile's conduct was reckless and outrageous as alleged herein, constituting an extreme deviation from reasonable standards of conduct, and Stockpile's conduct was performed with an understanding of, or disregard for, its likely consequences.

89. Plaintiffs reserve this paragraph for the inclusion of a claim of punitive damages under Idaho Code § 6-1604.

90. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

91. Should damages be awarded by a jury with regards to this claim, the Plaintiffs should recover double damages against pursuant to Idaho Code § 18-3307, as Stockpile is the offending party which caused Mr. Perkins' injury by the discharge of a firearm.

## COUNT THREE

*Negligent Infliction of Emotional Distress (All Defendants)*

COMPLAINT AND DEMAND FOR JURY TRIAL - 13

92. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 91 above as if set out in full.

93. By their actions detailed herein above, Defendants have negligently and/or intentionally caused Plaintiffs to suffer extreme mental anguish and emotional distress which distress has resulted in physical manifestations including insomnia, depression and anxiety.

94. As such, Plaintiffs are entitled to recover monetary damages from the Defendants representing fair and reasonable compensation for the emotional distress suffered by Plaintiffs as a result of the wrongful conduct alleged hereinabove in an amount in excess of $100,000.00 to be proven at trial.

95. Plaintiffs reserve this paragraph for the inclusion of a claim of punitive damages under Idaho Code § 6-1604.

96. Plaintiffs are entitled to recover their attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to Idaho Rule of Civil Procedure 38(b).

WHEREFORE, Plaintiffs pray for Judgment of this Court as follows:

1. For money damages for Plaintiffs from Defendants under the theories of negligence, strict product liability, breach of warranties, and negligent/intentional infliction of emotional distress in a sum to be determined at trial in excess of $100,000.00, and representing

Plaintiffs' economic damages relating to lost contribution of services, past and future medical, psychological and counseling care and expenses, pain and suffering, emotional distress, loss of enjoyment of life, lost wages, and property damage;

2. For Plaintiffs' reasonable attorney fees necessitated in this action pursuant to Idaho Code §§ 12-120 and 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law;

3. For costs of suit incurred herein; and

4. For such other and further relief as to the Court is just and equitable.

DATED this 19 day of June 2019.

ROSSMAN LAW GROUP, PLLC

Eric S. Rossman
Attorneys for Plaintiffs

Z:\Work\P\Perkins, Jeremiah\Pleadings\Complaint.doc